# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRPN Direct Pay Inc.,

    Plaintiff(s),

v.

Zelis Network Solutions, LLC, et al.,

    Defendant(s).

Case No. 2:26-cv-00346-JCM-NJK

**Order**

[Docket No. 35]

Pending before the Court is a proposed discovery plan seeking special scheduling review, Docket No. 35, which is **DENIED** without prejudice for several reasons.

First, the discovery plan was not filed jointly by all appearing parties. Instead, Defendants Sharbatz and Houston indicate that they "take no position" on the issues addressed therein because they are challenging personal jurisdiction. Docket No. 35 at 1 n.1. It is well settled law that discovery is not automatically stayed pending resolution of a motion challenging personal jurisdiction. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 n.9 (D. Nev. 2022). It is equally settled law that a party seeking to avoid discovery obligations must file a motion to stay discovery and, unless and until such request is granted, must proceed forward with discovery. *See, e.g., id.* at 1095 n.4. Defendants Sharbatz and Houston have not filed a motion to stay discovery (and such motion has not been granted), and they may not choose to opt out of participating in the formulation of a discovery plan or of participating in discovery.

Second, the filing parties have not shown that special scheduling review is warranted. The presumptively reasonable discovery period is 180 days from the date of the first defendant's appearance. *See* Local Rule 26-1(b)(1). The parties here seek to nearly double that period, asking for a discovery period of 312 days. *See* Docket No. 35 at 1. In support of that extraordinary request, the discovery plan references the pendency of motions to dismiss even though that circumstance does not in and of itself justify delaying discovery, *see* Docket No. 35 at 2; *but see,*

1

*e.g.*, *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011), and the "caseload of counsel" even though that circumstance does not warrant adjustment of case management deadlines, *see* Docket No. 35 at 2; *but see, e.g.*, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022).  The discovery plan otherwise references vaguely "the complex nature of the claims" and "the expected type and scope of discovery," *see* Docket No. 35 at 2, but such boilerplate is not sufficient for any departure of the presumptively reasonable discovery period, let alone nearly doubling that timeframe.

Third, the discovery plan indicates that the parties may seek modification of any of the case management deadlines up to 20 days before the discovery cutoff.  Docket No. 35 at 3.  Not so.  A request to modify a case management deadline must be filed at least 21 days before expiration <u>of the subject deadline</u>.  Local Rule 26-3.  For example, a request to extend the initial expert deadline must be filed at least 21 days before expiration of that deadline, not 21 days before the discovery cutoff.  A request to modify an expired case management deadline must be supported by both good cause and excusable neglect.  *See, e.g.*, *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).

Accordingly, the Court **DENIES** without prejudice the pending discovery plan.[1]  An amended discovery plan must be filed by July 14, 2026.

IT IS SO ORDERED.

Dated: July 7, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although the Court is denying the discovery plan, initial disclosures must still be timely exchanged by July 13, 2026.